IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAYMOND BELL,                )
                             )
       Plaintiff,            )
                             )
    v.                       )    No. 09 C 4537
                             )
CITY OF CHICAGO, et al.,     )
                             )
       Defendants.           )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's (City) motion to bifurcate. For the reasons stated below, we deny the motion to bifurcate.

## BACKGROUND

Plaintiff Raymond Bell (Bell) alleges that on July 7, 2008, he was driving a vehicle in Chicago, Illinois, when Defendant Officer Joe Dortha Parker (Parker), a Chicago police officer, pulled over Bell's vehicle. Bell contends that he was not committing any crimes at the time and Parker had no basis to pull him over. Bell claims that Parker conducted a field sobriety test and then arrested Bell for driving under the influence despite the fact that there was no evidence of any impairment on the part of Bell. Bell includes in his complaint a false arrest claim brought pursuant

1

to 42 U.S.C. § 1983 (Section 1983) against Parker (Count I), an indemnification claim brought against the City (Count II), and a Section 1983 *Monell* claim brought against the City (Count III). The City now moves pursuant to Federal Rule of Civil Procedure 42(b) (Rule 42(b)) to bifurcate the Section 1983 claim brought against it from the Section 1983 claim brought against Parker, and to stay discovery and the trial as to the Section 1983 claim brought against the City. Bell opposes the proposed bifurcation of the Section 1983 claims.

## LEGAL STANDARD

Pursuant to Rule 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. . . ." Fed. R. Civ. P. 42(b); *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000)(stating that "[t]he district court has considerable discretion to order the bifurcation of a trial"); *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994)(stating that "[o]nly one of [the] criteria need be satisfied for a court to order a separate trial")(internal quotations omitted)(quoting *DeWitt, Porter, Huggett v. Kovalic*, 991 F.2d 1243 (7th Cir. 1993)).

## DISCUSSION

The City argues that the court should allow Bell to proceed with his case against Parker and that, if the jury finds that Parker violated Bell's constitutional rights, "the City has stipulated to judgment being entered against it, and the City will pay any compensatory damages (and reasonable attorneys' fees) awarded to" Bell.

2

(Reply 1). The City argues that such an approach will serve judicial economy since it will allow the parties to avoid the burdensome discovery and the lengthy trial that would be connected to the *Monell* claim. The City also contends that bifurcation would allow Parker to avoid the prejudice that would result if Parker's individual trial included evidence concerning broad City policies and practices with which Parker had no involvement. In addition, the City argues that bifurcation will not affect Bell's potential recovery of compensatory damages since he can only get one recovery for compensatory damages.

I. Prior Cases and *Thomas*

The City contends that other district courts have granted similar motions for bifurcation, citing district court cases in this district in which courts have granted such motions. (Mot. 5). However, as Bell points out, courts in this district have also denied such motions for bifurcation. (Ans. 3-4); *See, e.g., Turner et al. v. Parker et al.,* 09 C 1177 (Doc. 55). Bell also correctly points out that the Seventh Circuit recently held in *Thomas v. Cook County Sheriff's Dept.*, 588 F.3d 445 (7th Cir. 2009), that "a municipality can be held liable under *Monell,* even when its officers are not, unless such a finding would create an *inconsistent* verdict." *Id.* at 456 (emphasis in original).

The City cites *City of Los Angeles v. Heller*, 475 U.S. 796 (1986) and argues that in this case, if a jury found that Parker had not violated Bell's constitutional rights, the City could not be held liable. (Reply 1-2). In *Heller*, the Court concluded

3

that it was "inconceivable" that the defendant city and its police commission could be found liable for an officer's actions since "[t]hey were sued only because they were thought legally responsible for [the officer's] actions." *Id.* at 799. The Court in *Heller* stated that "neither *Monell* . . . nor any other of [the Court's] cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *Id.*; *see also Schor v. City Of Chicago*, 576 F.3d 775, 779 (7th Cir. 2009)(relying on *Heller* in stating that since the court "concluded that th[e] plaintiffs ha[d] not alleged any plausible constitutional violation committed by [the defendant mayor] or the officers, it follows that there is no wrongful conduct that might become the basis for holding the City liable" because "[i]n order to support such a claim . . . the plaintiff must begin by showing an underlying constitutional violation").

The City's reliance on *Heller* in the instant case is misplaced. In *Thomas*, the Seventh Circuit specifically addressed the holding in *Heller* and stated that to interpret the holding in *Heller* to constitute a "rule that requires individual officer liability before a municipality can ever be held liable for damages under *Monell*" is "an unreasonable extension of *Heller*." 588 F.3d at 455. The Court in *Thomas* indicated that to evaluate potential *Monell* liability in the absence of individual liability, a court should consider "the nature of the constitutional violation, the theory of municipal liability, and the defenses set forth." *Id.* at 456. The Court in *Thomas* noted that, in certain instances, a constitutional violation could solely be tied to an

4

unconstitutional municipal policy if it could be shown that the public entity's "policies caused the harm, even if the officer was not individually culpable." *Id.* at 455. Thus, as Bell correctly points out, it is possible for there to be municipal liability even in the absence of underlying individual liability.

II. Qualified Immunity

In the instant action, Parker has pled qualified immunity as an affirmative defense, (Parker Aff. D. 2), and thus, the City could be liable absent a finding of individual liability. The Court in *Thomas* noted, that if "the officer had pled an affirmative defense such as good faith, then the jury might have found that the plaintiff's constitutional rights were indeed violated, but that the officer could not be held liable." *Id.* at 455. The Court in *Thomas*, pointed out that in *Heller*, upon which Defendants rely, the jury was not "presented with any qualified immunity issues." *Id.* The City proposes that it will consent to municipal liability as long as the jury finds that Parker violated Bell's constitutional rights, even if Parker prevails based on qualified immunity. (Mot. 5 n. 2). However, such a procedure would unnecessarily confuse the jury. On the verdict form, rather than finding in favor of Parker or in favor of Bell, the jury would also need to make a separate finding for no apparent reason as to whether Parker violated Bell's constitutional rights. Thus, in light of the qualified immunity defense asserted by Parker, the bifurcation adds unnecessary confusion to the trial.

III. Discovery Disputes

The bifurcation will also add unnecessary complexity and confusion to the discovery process. Bell has already indicated in his opposition to the instant motion that he is concerned that he will not be provided with all of the relevant discovery due to the City's segregation of what the City deems to be *Monell* evidence. (Ans. 5). The City has countered by arguing that Bell is planning to overstep his bounds with his discovery requests and that the evidence that the City deems to be *Monell* evidence will have "no bearing" on the individual liability in this case. (Reply 7). Before even a ruling by the court on the motion for bifurcation, there are already discovery disputes brewing on the horizon that will be caused by bifurcation. If the court were to grant the motion for bifurcation, the resolution of such discovery disputes and the need of the parties to separate *Monell* evidence from individual liability evidence will further complicate rather than simplify these proceedings.

IV. Potential for a Municipal Liability Trial and Judicial Economy

The City states that "[a] verdict in favor of Defendant Parker necessarily will mean the jury believes Parker did not falsely arrest [Bell], and since the City's liability is based on Parker's actions, the City also would be entitled to a verdict in its favor." (Reply 4). The City however, has not explained why it believes this to be true and has not addressed the factors specified in *Thomas*, such as the nature of the alleged misconduct in this case or the role that the alleged City policies might have played in the alleged constitutional violations. The City's statement is also

6

misplaced because a jury could reach a verdict in favor of Parker based on qualified immunity even though the jury believed that Parker violated Bell's constitutional rights. *See, e.g., Lewis v. Downey*, 581 F.3d 467, 478 (7th Cir. 2009)(stating that "[t]o defeat a defense of qualified immunity, [the plaintiff] must demonstrate (1) that the [individual defendant's] conduct violated [the plaintiff's] constitutional rights, and (2) that the violated right was clearly established at the time of the alleged misconduct"). In *Thomas*, the Seventh Circuit has provided guidance relating to bifurcation, but the City has argued that *Thomas* may be "factually and legally distinguishable" from *Heller* and that "[o]n its face, *Thomas* seems at odds with *Heller*. . . ." (Reply 4). The City also argues that the court should follow *Treece v. Hochstetler*, 213 F.3d 360 (7th Cir. 2000), in which the Seventh Circuit affirmed a district court's ruling to bifurcate *Monell* claims. *Id.* at 365. In *Treece*, the Court merely concluded that under the facts in that case, the district court's decision was not an abuse of discretion. *Id.* However, in *Thomas*, the Court provided a detailed interpretation of the holding in *Heller*.

The City has not explained why a verdict in favor of Parker and against the City would be an inconsistent verdict in this case, as contemplated by *Thomas*. In addition, we note that although the City cites several district court decisions in which the courts allowed bifurcation, (Mot. 5-6), such rulings were made before the Seventh Circuit provided relevant guidance in *Thomas*. Further, all of the time and effort that the City proposes will be saved in discovery, trial preparations, and trial time is purely speculative. If we were to follow the City's proposed schedule, there

7

might be a need for two rounds of discovery, two trials to prepare for, and two trials that would include much redundant evidence. Such a result would excessively prolong this case and would not serve judicial economy.

Bell also points out that there are over a dozen similar cases brought against Parker and the City pending in the Northern District of Illinois, and the same law firms represent Defendants in the cases. Bell also contends, and the City concedes, that *Monell* discovery is already underway in at least one of the other cases brought against Parker in which the judge had denied a similar request to stay discovery on the *Monell* issues. (Ans. 5); (Reply 6). The City should therefore already have much of the necessary discovery for this case. Thus, judicial economy can be served by conducting *Monell* discovery along with discovery relating to the individual liability claim. To allow this and other cases to proceed to trial on the individual liability claim only to potentially begin anew with the municipal liability claim would not serve the efficient administration of the judicial system. In regards to the City's argument that Parker will be somehow prejudiced by being tried with the City, there is insufficient evidence to show that such prejudice will result or that even if there was potential prejudice that limiting instructions could not cure. In addition, the City mentions a possibility of policies and customs being raised that are not connected to Parker, but the City's concerns as to prejudice are purely speculative. The efficiency factor favors a single trial in this case. Therefore, after considering all of the circumstances in this particular case, we deny the motion to bifurcate.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to bifurcate.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   February 3, 2010